In the Matter of the Petition of GRACE S. ROGERS, for the Appointment of Commissioners to Assess Damages for a Change of Grade in West Main Street in the Village of Cato, N. Y.

VILLAGE OF CATO, Appellant; GRACE S. ROGERS, Respondent.

Fourth Department, July 1, 1919.

Villages — highways — application for appointment of commissioners to ascertain damages from change of grade by State in improving highway — notice to State authorities not necessary — owner not estopped from claiming damages by failure to determine whether or not contract had been fulfilled — duty of village to inspect work of contractors — method of ascertaining damages — form of questions to witnesses — report of commissioners affirmed.

Upon an application for the appointment of commissioners to determine damages sustained by an owner of property adjoining a village street by reason of the change of the grade of the street by the State authorities in

the construction of an improved roadway in a county highway under the provisions of the State Highway Law it is unnecessary to serve notice upon the State authorities.

Such an owner is not estopped from claiming damages for the condition in which her property was left because she did not inspect the work of the contractors as it progressed and determine for herself whether or not the contract had been fulfilled, as such duty rested upon the village authorities.

In a proceeding by an owner of property adjoining a village street to recover damages for a change of grade by the State authorities there is no exact moment of time as to which the damages are to be ascertained. Theoretically such time is the date when the improvement necessitating the change of grade is substantially completed assuming a reasonable time to have elapsed between the commencement of the work of the improvement and its completion.

The rise or depression in the value of the real estate involved due to some condition not connected with the improvement should not be considered in the determination of the damages.

The provision of subdivision 2 of section 159 of the Village Law, requiring the commissioners " to ascertain the value of any benefits or advantages to the property in consequence of the alteration of the grade," does not confine the damages to the condition immediately following the change of the grade in its narrowest sense, but contemplates the condition existing when the work involving the alteration is reasonably completed.

The form of questions asked witnesses as to the value of the property claimed to have been damaged was not prejudicial to the defendant.

Order confirming report of commissioners appointed pursuant to subdivision 2 of section 159 of the Village Law affirmed.

APPEAL by the Village of Cato from an order of the Supreme Court, made at the Seneca Special Term and entered in the office of the clerk of the county of Cayuga on the 15th day of April, 1918, as resettled by an order entered in said clerk's office on the 13th day of May, 1918, affirming the report of commissioners herein, with notice of an intention to bring up for review an interlocutory order entered in said clerk's office on the 23d day of July, 1917.

*John M. Brainard* [*Ira J. Kingsley*, attorney], for the appellant.

*Amasa J. Parker* [*A. J. & F. A. Parker*, attorneys], for the respondent.

DE ANGELIS, J.:

This appeal assails an order of the Seneca Special Term confirming the report of commissioners appointed to deter-

mine the damages sustained by an owner of property adjoining a street in a village pursuant to subdivision 2 of section 159 of the Village Law (Consol. Laws, chap. 64; Laws of 1909, chap. 64) by reason of a change of the grade of the street by the State authorities in the construction of an improved roadway in a county highway under the provisions of the Highway Law.

The plaintiff is the owner of a lot situated in the village of Cato, in the county of Cayuga, 156 feet wide in front on the southerly side of Main street, the same width in the rear and 225 feet deep. There are a house, stable and other buildings on the lot.

On the 18th day of April, 1912, the board of supervisors of the county of Cayuga adopted a resolution pursuant to section 123 of the Highway Law (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], as amd. by Laws of 1909, chap. 487) to the effect that public interest demanded the improvement of a certain highway within such county including that portion of Main street in the village of Cato on which the plaintiff's premises are located. A certified copy of the resolution was transmitted to the State Commission of Highways. After examining such highway the Commission duly certified its approval of the resolution. Thereafter and on May 21, 1914, a contract was entered into by and between the People of the State of New York and certain contractors for the construction of such improvement. The work was completed, accepted and finally paid for December 21, 1915. The usual method of construction was followed in the work of the improvement except that on a hill in front of the plaintiff's property the roadway was constructed of stone blocks. There is some confusion in the record as to dates but it seems to be undisputed that this improvement was made under the Highway Law, as amended by chapter 83 of the Laws of 1912, in effect April 2, 1912.

In the course of the construction the grade of the old highway in front of the plaintiff's property was lowered about two feet for a considerable distance. The plaintiff instituted this proceeding in order to recover the damages sustained by her owing to such change of the grade of the highway.

The defendant contends that it is not liable for such damage

Fourth Department, July, 1919.          [Vol. 188.

and that if the State is not liable therefor the plaintiff is remediless; that in any event this proceeding is void because no notice of the application for the appointment of the commissioners was served upon the representatives of the State. The defendant further contends that in certain respects the contractors failed to complete the work called for by their contract with the State and that damages for the breach of their contract by the contractors were elements that improperly went to swell the amount of the award of the commissioners; that in other respects the award was increased by improper rulings by the commissioners; that the award itself is improper in form, is the result of the adoption of an erroneous rule of damages and is excessive.

*Matter of Dupont* (217 N. Y. 612) determines that no notice to the State authorities of the application for the appointment of the commissioners was necessary and that the defendant is liable for the damages. The statement that this question of notice was not raised in the *Dupont* case in the appellant's brief is not borne out by the record in that case for paragraph VI of the answer therein did raise the question. Besides the determination in that case that the village was liable for such damages practically determines the uselessness of a notice to the State.

The defendant argues that the contractors failed to complete the work of improvement according to their contract and that in the damages allowed the commissioners charged the defendant for what was omitted by the contractors in the complete performance of the work undertaken by them. The record shows that the work was completed and accepted. Its condition then became the proper subject for consideration by the commissioners in determining the damages. I do not think that the law imposed upon this plaintiff the obligation to inspect the work of the contractors as it progressed and to determine for herself whether or not the contract had been fulfilled, or be estopped from claiming damages for the condition in which her property was left. The village authorities had the general supervision of this street and upon them rested the duty to see to it, certainly between the village and this plaintiff, that the State's contract was performed. There is no exact moment of time as of which the damages

are to be ascertained in a proceeding of this nature. Theoretically the time as of which the damages should be ascertained is the date when the improvement necessitating the change of grade is substantially completed, assuming a reasonable time to have elapsed between the commencement of the work of the improvement and its completion. A rise or depression in the value of the real estate involved due to some condition not connected with the improvement, should not be considered in the determination of the damages. The provision of the statute requiring the commissioners " to ascertain the value of any benefits or advantages to the property in consequence of the alteration of the grade " does not, in my opinion, confine the damages to the condition immediately following the change of the grade in its narrowest sense, but contemplates the condition existing when the work involving the alteration is reasonably completed.

John Sullivan was the first witness called by the plaintiff and these were the questions propounded to him: " Q. What do you say was the fair market value of the premises in question, exclusive of the piece sold to the bank, immediately prior to the change in the grade of the street? " " Q. Now what, in your opinion, Mr. Sullivan, was the fair market value of this property, excluding the piece sold to the bank, immediately after the change of the grade of the street, taking into consideration any benefits which the property may have derived from the lowering of the grade and the paving of the street? " Similar questions were propounded to other witnesses called by the plaintiff. No objection was made to the form of these questions.

An objection was made by the counsel for the plaintiff to the form of the following question propunded to a witness for the defendant and sustained: " Q. Can you tell us what the value of the property was after the highway was constructed taking into account any benefits which may be derived from the construction of the State road? " An exception was taken to this ruling and immediately thereafter the following question propounded by the counsel for the defendant to the same witness was answered as follows: " Q. I ask you what, in your opinion, the value of that property was taking into

consideration any benefit which might be derived from the change in the grade after the construction of the highway, meaning the property just as it stood after the highway was constructed? * * * A. Well, I wouldn't make any change in it."

An objection was interposed by the counsel for the plaintiff to the form of the following question propounded by the counsel for the defendant to one of its witnesses: " Q. And what would you say was the fair market value of the same property after the State highway was constructed and the grade was changed taking into consideration any benefits which may be derived from change in grade? " An exception was taken to this ruling and immediately thereafter the witness was asked the following question and answered the same as follows: " Q. Can you tell us what the fair market value of the same property was, excluding the property sold to the bank after the change in the grade taking into consideration any benefits which might be derived from the change in the grade? * * * A. I should not think there would be any change; I should think the property was worth as much now as before."

In view of the language of the statute, these rulings may have been technically right, although there may be some doubt of their correctness. However, I do not think that the defendant suffered any prejudice from the form of the questions.

In the report of the commissioners they do not say in so many words that they offset the value of the benefits and improvements from the damages, but in view of the presumption that they performed their duty, I do not think that we should hold that they failed in their duty in this regard.

I do not think that the report of the commissioners should be set aside upon the ground that the award of damages is excessive.

It follows from the foregoing that the orders appealed from should be affirmed, with costs.

All concurred.

Orders affirmed, with costs.